UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATHOME CARE, INC., an Idaho corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, a North Dakota corporation,<br><br>          Defendant. | Case No. 1:12-cv-053-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion for Change of Venue (Dkt. 7) pursuant to 28 U.S.C. § 1404. The motions are fully briefed and at issue. For the reasons expressed below, the Court will DENY the Motion for Change of Venue.

## BACKGROUND

AtHome Care ("AtHome") is an Idaho corporation providing private duty home care. *Compl*. ¶ 1, Dkt. 1-3. The Evangelical Lutheran Good Samaritan Society ("Good Samaritan") is a North Dakota corporation headquarted in South Dakota. *Id*. at ¶ 2. Good Samaritan provides health services and homes for qualifying individuals in

approximately 240 locations across the United States, including four facilities in Idaho. *Id.*

In June 2009, the parties entered into a written agreement to create a private duty home care pilot project. The pilot project allowed Good Samaritan to use AtHome's propriety information for providing private duty home care at the pilot location. *Id*. at ¶¶ 7-8. While the agreement stated that Good Samaritan was only allowed to use the proprietary information at the pilot location, AtHome believes Good Samaritan is using the proprietary materials at other locations in violation of the agreement. *Id*. at ¶¶ 12-13. In January 2012, AtHome filed this action in Idaho state court alleging multiple causes of action. Good Samaritan timely removed the case to federal court, invoking diversity jurisdiction. Good Samaritan now moves to transfer venue to federal district court in South Dakota under 28 U.S.C. § 1404(a).

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). On a motion to transfer venue, the district court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance

> of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). Whether transfer of venue is appropriate is a decision committed to the discretion of the district court to be determined on a "case-by-case consideration of convenience and fairness." *Id*. (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendant bears a strong burden of demonstrating inconvenience to justify transferring venue from plaintiff's chosen forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Here, the first factor is neutral. Although AtHome states that they drafted the contract governing the pilot project in South Dakota, the agreement was apparently executed after a series of back and forth contract negotiations between Good Samaritan's headquarters in South Dakota and Plaintiff's headquarters in Idaho. *Def.'s Br.* at 10, Dkt. 7-1; *Pl.'s Resp.* at 12, Dkt. 13.

As to the second factor, AtHome concedes that South Dakota law applies to the breach of contract claim because the agreement contained a choice of law provision selecting South Dakota. *See Compl.* at 25, Dkt. 1-3. Presumably a South Dakota court would be more familiar with its state's law than an Idaho court. AtHome asserts, however, that Idaho law will apply to its claims that are not based in contract, specifically the claim asserting a violation of the Idaho Trade Secret Act. *Id*. at ¶¶ 21-27.

Accordingly, the Court finds that the second factor weighs only slightly in Good Samaritan's favor.

The third factor, however, weighs in Plaintiff's favor. AtHome presumably chose to file suit in Idaho because AtHome is located in Idaho, and there is a strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *see also Thayer/Particof Educ. Funding, L.L.C v. Pryor Res., Inc.*, 196 F.Supp. 2d 21, 31 (D.D.C. 2001) (plaintiff's choice of forum is given substantial deference in deciding motion to transfer where the controversy has meaningful ties to the forum and plaintiff is a resident of that forum). "It is not enough, without more, to merely shift the inconvenience from one party to another." *Galli v. Travelhost, Inc.*, 603 F.Supp. 1260, 1262 (D.Nev. 1985) (court denied motion to transfer venue where defendant merely sought to transfer the burden of litigating in remote district to plaintiff). As previously stated, AtHome is an Idaho corporation primarily doing business in Idaho whereas Good Samaritan is a national corporation doing business in 240 locations, with four locations in Idaho. Further, AtHome is unaware of the exact locations of Good Samaritan's alleged misuse of propriety information at this early stage of the litigation, so they could not have filed in these unknown districts. Finally, Good Samaritan's argument regarding the inconvenience of defending a suit in Idaho merely shifts the burden to AtHome to maintain a suit in South Dakota. *See Def.'s Br.* at 10-17, Dkt. 7-1; *Def.'s Reply* at 8-10, Dkt. 16. Accordingly, the third factor weighs heavily in favor of AtHome.

AtHome's contacts, including those pertaining to Plaintiff's cause of action, are mostly in Idaho because AtHome is an Idaho-based company. While Good Samaritan's contacts, including those pertaining to the cause of action, are mostly in South Dakota, it is notable that Good Samaritan has four facilities, and presumably significant contacts, in Idaho. *See Compl.* ¶¶ 1-3, Dkt. 1-3. Thus, the fourth and fifth factors weigh slightly in favor of AtHome.

Finally, Good Samaritan fails to make a persuasive argument regarding the disparate cost of litigation in Idaho over South Dakota, or the availability of compulsory process, except to state in conclusory fashion that they support transferring venue. *See Def.'s Br.* at 15-17, Dkt. 7-1. As previously noted, because both parties' witnesses are located in Idaho and South Dakota, transferring the case to South Dakota would merely shift the burden of litigation from Good Samaritan to AtHome. *See, e.g., Dealtime.com, Ltd. v. McNulty*, 123 F.Supp. 2d 750, 757 (S.D.N.Y. 2000) (witness unavailability would "not tip the balance in favor of a transfer in light of the option of videotaping testimony of witnesses unwilling to travel"). Similarly, courts have noted that the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co.*, 674 F.Supp. 2d 1141, 1149 (C.D.Cal. 2009). Accordingly, the Court is also unconvinced that the location of evidence in South Dakota, or otherwise outside of Idaho, so restrains access to sources of proof as to justify a change of venue.

On consideration of the above factors, as well as the convenience and fairness to the parties, the Court finds that transfer of venue from AtHome's chosen forum is not warranted.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Change of Venue (Dkt. 7) is **DENIED**.

DATED: April 25, 2012

B. Lynn Winmill
Chief Judge
United States District Court