UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATHOME CARE, INC., an Idaho corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, a North Dakota corporation,<br><br>　　　　　　　Defendant. | Case No. 1:12-cv-053-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff AtHome Care's Motion to Compel the Production of Documents (Dkt. 34).

## BACKGROUND

AtHome Care ("AtHome") is an Idaho corporation providing private duty home care. *Compl.* ¶ 1, Dkt. 1-3. The Evangelical Lutheran Good Samaritan Society ("Good Samaritan") is a North Dakota corporation headquarted in South Dakota. *Id*. at ¶ 2. Good Samaritan provides health services and homes for qualifying individuals in approximately 240 locations across the United States, including four facilities in Idaho. *Id.*

In June 2009, the parties entered into a written agreement to create a private duty home care pilot project. The pilot project allowed Good Samaritan to use AtHome's propriety information for providing private duty home care at the pilot location. *Id*. at ¶¶ 7-8. While the agreement stated that Good Samaritan was only allowed to use the proprietary information at the pilot location, AtHome contends that Good Samaritan used the proprietary materials at other locations in violation of the agreement. *Id*. at ¶¶ 12-13.

After the parties failed to resolve some of their discovery disputes through meet and confers and informal mediation with the Court's staff, AtHome filed the pending motion to compel.

## LEGAL STANDARD

The Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b) (1). Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial . . . ." See 8 Wright, Miller, and Marcus, Federal Practice & Procedure, § 2008 at p. 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1).

Although metadata is not addressed directly in the Federal Rules of Civil Procedure, it is subject to the same general rules of discovery. *Aguilar v. Immigration*

MEMORANDUM DECISION AND ORDER - 2

*and Customs Enforcement Div. of U.S. Dept. of Homeland Security*, 255 F.R.D. 350, 357 *S.D.N.Y. 2008). That means the discovery of metadata is also subject to the balancing test of Rule 26(b)(2)(C), which requires courts to weigh the probative value of proposed discovery against its potential burden. *Id.* at 355.

Courts typically order the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form. *Id.* at 357 (Internal citations omitted). Moreover, the Federal Rules of Civil Procedure, the Sedona Principles, and case law emphasize that electronic discovery should be a party-driven process. *Id.* at 358.

Here, there is some dispute about whether AtHome initially requested metadata, including some disagreement over whether its request for electronic discovery in native form required production of metadata. However, there is no dispute that Good Samaritan essentially agreed to produce metadata, and would have produced the requested metadata but for an inadvertent change to the creation date on certain documents. Thus, the real question before the Court at this point is how to resolve that mistake, which essentially requires the Court to apply the Rule 26(b)(2)(C) balancing test.

### ANALYSIS

AtHome asks the Court to order Good Samaritan provide it with the system metadata for what the parties have identified as the "at issue documents," which apparently are documents relating to the models Good Samaritan created to provide private duty home care. "System metadata reflects information created by the user or by

**MEMORANDUM DECISION AND ORDER - 3**

the organization's information management system." *Aguilar,* 255 F.R.D. at 354 (citing Sedona Principles 2d Cmt. 12a.) This type of metadata can generally be retrieved from whatever operating system is in use. *Id.* Examples include "data concerning the author, date and time of creation, and the date a document was modified." *Id.* System metadata may be relevant "if the authenticity of a document is questioned or if establishing who received what information and when is important to the claims or defenses of a party." *Id.* (Internal quotation and citation omitted).

AtHome suggests that the system metadata is relevant because the claims in its Complaint focus on the unauthorized use and misappropriation of AtHome's proprietary information and whether Good Samaritan used AtHome's proprietary information to create their own materials and model. Thus, AtHome contends that the system metadata can answer the question of who received what information when and when documents were created. Specifically, AtHome contends that it must show misappropriation with respect to its trade secret claim. This is not the time for addressing the claims in detail, but the Court notes that, as explained by AtHome, Idaho law indicates that misappropriation includes "use of a trade secret of another without express or implied consent" or where the trade secret was "[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." See Idaho Code § 48-801(b)(B)(ii) and (iii). Thus, use is an issue with regard to at least one claim, and the metadata may evidence such use by Good Samaritan.

Good Samaritan's argument that AtHome exaggerates the strength of its trade secret claim, and that it cannot meet its threshold requirement of proving its information was secret, is misplaced. This is not summary judgment. As explained above, the Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b) (1), and "the question of relevancy is to be more loosely construed at the discovery stage than at the trial . . . ." See 8 Wright, Miller, and Marcus, Federal Practice & Procedure, § 2008 at p. 125 (2010). The requested metadata "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1). Thus, it is discoverable.

The only question, then, is whether the burden of producing the metadata outweighs the benefit. Fed. R. Civ. P. 26(b)(2)(C). As an initial matter, the Court must acknowledge that Good Samaritan created the problem by inadvertently changing the creation date on the documents. The Court does not find any degree of bad faith on the part of Good Samaritan – accidents happen – but this fact does weight in favor of requiring Good Samaritan to bear the burden of production.

Moreover, the Court does not find the burden all that great. As AtHome explains, it is not asking Good Samaritan to re-collect all electronic documents. Instead, AtHome requests the metadata related to two categories, which are Good Samaritan's models for providing private duty home care. One model is the pilot location model, and the other is the Good Samaritan model. Accordingly, the Court will order Good Samaritan to provide AtHome with the metadata of the electronic documents for the two models.

**MEMORANDUM DECISION AND ORDER - 5**

However, apparently there is also a dispute about which party is in the best position to determine which documents make up those two models. On the one hand, AtHome suggests that Good Samaritan had a structure in place for creating the models, so they should be able to easily identify the documents and produce the metadata for them. On the other hand, Good Samaritan suggests that AtHome provide it with list of bates numbers of documents for which the origination date metadata is specifically relevant.

This puts the Court in a somewhat difficult position because the Court is not, and cannot be, as familiar with the documents as the parties at this point. Accordingly, the Court can only make a determination based upon its limited knowledge of the issue. Under these circumstances, the Court finds that Good Samaritan should be able to determine the documents which make up the two models since it originally organized the models. As the creator of the documents, Good Samaritan is in a better position for making that determination than AtHome. AtHome, like the Court, must rely to some degree on Good Samaritan's knowledge of the documents. Therefore, the Court will order Good Samaritan to identify and produce the metadata for the documents related to the two models. But the Court expects counsel and the parties to work together in gathering the documents and making the production.

Finally, Good Samaritan asks that it be allowed to proceed with depositions of AtHome's key witnesses. The Court sees no reason why those depositions should not

proceed at this point, and grants that request. The parties must move forward with remaining discovery in this case so we can hold the current scheduling deadlines.

## ORDER

**IT IS ORDERED:**

1. Plaintiff AtHome Care's Motion to Compel the Production of Documents (Dkt. 34) is **GRANTED**.

DATED: April 30, 2013

B. Lynn Winmill
Chief Judge
United States District Court