UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATHOME CARE, INC., an Idaho corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, a North Dakota corporation,<br><br>             Defendant. | Case No. 1:12-cv-053-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Plaintiff AtHome Care's Motion to Compel the Production of Financial Documents (Dkt. 46).

## BACKGROUND

AtHome Care is an Idaho corporation providing private duty home care. *Compl.* ¶ 1, Dkt. 1-3. The Evangelical Lutheran Good Samaritan Society ("Good Samaritan") is a North Dakota corporation headquarted in South Dakota. *Id.* at ¶ 2. Good Samaritan provides health services and homes for qualifying individuals in approximately 240 locations across the United States, including four facilities in Idaho. *Id.*

**ORDER - 1**

In June 2009, the parties entered into a written agreement to create a private duty home care pilot project. The pilot project allowed Good Samaritan to use AtHome's propriety information for providing private duty home care at the pilot location. *Id*. at ¶¶ 7-8. While the agreement stated that Good Samaritan was only allowed to use the proprietary information at the pilot location, AtHome contends that Good Samaritan used the proprietary materials at other locations in violation of the agreement. *Id*. at ¶¶ 12-13.

After the parties failed to resolve their current discovery disputes through meet and confers and informal mediation with the Court's staff, AtHome filed the pending motion to compel.

## LEGAL STANDARD

As the Court stated in its earlier opinion dealing with discovery disputes in this case, the Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b) (1). Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial . . . ." See 8 Wright, Miller, and Marcus, Federal Practice & Procedure, § 2008 at p. 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1).  However, whether the Court orders information discoverable is subject to the balancing test of Rule 26(b)(2)(C),

which requires courts to weigh the probative value of proposed discovery against its potential burden.

## ANALYSIS

AtHome asks the Court to order Good Samaritan to produce financial documents from the locations where Good Samaritan admits it sent AtHome's proprietary materials, and that Good Samaritan also produce the financial documents from the locations where Good Samaritan's own documents show that Good Samaritan provides private duty home care. Good Samaritan suggests that a 30(b)(6) deposition will alleviate Athome's need for these documents because there is a misunderstanding about where Good Samaritan offered private duty home care and because Good Samaritan used only a small portion of AtHome's information in its handbook.

The problem for Good Samaritan is that its own discovery responses cloud the issue. Based upon Good Samaritan's discovery responses, there does not appear to be any dispute that Good Samaritan provided at least one or two documents to AtHome which suggest Good Samaritan offered private duty at locations for which AtHome seeks financial documents. *Bower Aff.,* Dkt. 47. The Court recognizes that Good Samaritan has tried to explain that at least one of these documents is inaccurate, but the Court understands why AtHome would be wary of such an explanation given the list provided by Good Samaritan. *Bower Aff.,* Dkt. 47. And Good Samaritan's acknowledgment that there was some "overlap" in home care and private duty at Good Samaritan locations which had access to AtHome private duty models makes the discovery request

**ORDER - 3**

reasonable. *Response Brief*, p. p.6-7, Dkt. 49. At the very least, it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1).

Finally, the Court recognizes that the parties, through the informal mediation of this discovery dispute, had agreed to conduct Ms. Hoing's deposition in an attempt to resolve the dispute by having Ms. Hoing explain the inaccuracies of the documents pertaining to private duty at Good Samaritan. The Court also recognizes that although there was no agreement or promise made by counsel that they could expedite that deposition, there was an understanding that they would attempt to do so in the interest of resolving this issue within the discovery deadlines. The Court has no doubt counsel for Good Samaritan made that effort and did as they promised.

Apparently, however, Ms. Hoing could not expedite her deposition because of "Good Samaritan's annual meeting and [her] work and personal schedule." *Hoeing Aff.*, Dkt. 49-15. The Court recognizes that scheduling depositions can be a challenge, but if the expense associated with producing the documents requested by AtHome were as great as suggested by Good Samaritan, and if Good Samaritan could have alleviated that expense through Ms. Hoing's deposition, the Court believes an earlier deposition should have been scheduled even it would cause Ms. Hoing some inconvenience in her work or personal schedule. Under these circumstances, the Court is left to conclude that the burden of producing the documents does not outweigh their probative value. Fed. R. Civ. P. 26(b)(2)(C). Accordingly, the Court will grant the motion.

# ORDER

**IT IS ORDERED:**

1. Plaintiff AtHome Care's Motion to Compel the Production of Financial Documents (Dkt. 46) is **GRANTED**. Good Samaritan shall produce financial documents from the locations where Good Samaritan admits it sent AtHome Care's proprietary materials, and that Good Samaritan also produce the financial documents from the locations where Good Samaritan documents show that Good Samaritan provides private duty home care. The Court understands this to be the 11 agencies listed in Exhibit B to the Bower affidavit, and the 32 agencies where Good Samaritan sent the handbook.

DATED: July 16, 2013

B. Lynn Winmill
Chief Judge
United States District Court